IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**BERNALDO PARZYNSKI LOFTIN**                                                               **PLAINTIFF**

**VERSUS**                                         **CIVIL ACTION NO. 1:16cv334-LG-RHW**

**JACQUELINE BANKS,** *et al.*                                                              **DEFENDANTS**

## REPORT AND RECOMMENDATION

Before the Court is [17], a motion to dismiss filed November 22, 2016 by Defendant Ronald Woodall, asserting Plaintiff failed to exhaust his administrative remedies prior to filing this prisoner civil rights action under 42 U.S.C. § 1983. Plaintiff has filed no response to the motion, and the time for doing so has expired.

### Facts and Procedural History

Bernaldo Parzynski Loftin, inmate # 80252, is currently incarcerated at South Mississippi Correctional Institution (SMCI) serving a total of twenty-one years for a June 27, 2005 conviction of manslaughter from Jeff Davis County and a September 8, 2014 conviction of possession of contraband in prison from Jefferson County, Mississippi. Loftin's tentative release date is January 27, 2024 according to the Mississippi Department of Corrections (MDOC) web site.

In a complaint dated September 2, 2016, and received and filed by the Clerk on September 12, 2016, the *pro se* Plaintiff sued SMCI Superintendent Jacquelyn[1] Banks, Warden Marshal Turner and Dr. Ronald Woodall, alleging denial of his Eighth Amendment rights with respect to his medical care, visitation, living conditions and treatment at SMCI. Specifically,

---

[1] This is Ms. Banks' given name as it is spelled on the MDOC web site.

Loftin complains that on August 24, 2016, Dr. Woodall refused to examine his prostate or to refer him to an orthopedic specialist for orthopedic shoes; that the roof leaks in his housing unit when it rains; there is mold and mildew in the showers and the drain does not work properly so water backs up; that inmates have been deprived of exercise and fresh air, visitation, telephones and commissary due to the facility being on lock-down for the past 30 days; and the food served is cold. The relief Loftin seeks is transfer to another correctional facility and for his medical care to be provided by Central Mississippi Correctional Facility in Pearl, Mississippi.

Dr. Woodall seeks dismissal based on Loftin's acknowledged failure to exhaust administrative remedies prior to filing this action. Loftin admits in his complaint that he has not completed the Administrative Remedy Program (ARP) because "to do so would prolong the injust (*sic*) and by M.D.O.C. policy if you have a (*sic*) active ARP, no other can be filed." Loftin states he has bypassed the administrative remedy procedure because he already has an ARP being processed, and "to wait on the A.R.P. process would only subject [him] to the harsh realities [he has] listed in [his] complaint." [1, pp. 3-4]

## Law and Analysis

The Prison Litigation Reform Act (PLRA) requires a prisoner to exhaust all available administrative remedies through the prison grievance system before filing a lawsuit pursuant to 42 U.S.C. § 1983.

> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. § 1997e(a); *Woodford v. Ngo*, 548 U.S. 81, 83-84 (2006) ("proper exhaustion of administrative remedies is necessary"). The Fifth Circuit takes "a strict approach" to the

exhaustion requirement.  *Nottingham v. Richardson*, 499 Fed.Appx. 368, 373 (5th Cir. 2012); *Johnson, v. Ford*, 261 Fed.Appx. 752, 755  (5th Cir. 2008) (citing *Days v. Johnson*, 322 F.3d 863, 866 (5th Cir. 2003).  Exhaustion is mandatory for "all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong."  *Alexander v. Tippah County, Miss.*, 351 F.3d 626, 630 (5th Cir. 2003), quoting *Porter v. Nussle*, 534 U.S. 516, 532 (2002).  Dismissal is appropriate where an inmate has failed to properly exhaust the administrative grievance procedure before filing his complaint in court.  *Gonzalez v. Seal*, 702 F.3d 785, 788 (5th Cir. 2012).

As authorized by statute,[2] the MDOC has established an Administrative Remedy Program (ARP) to address inmates' complaints regarding their incarceration.  *Howard v. Epps*, 2013 WL 2367880, at *2 (S.D. Miss. May 29, 2013).  The ARP has two steps: first, within 30 days of the incident of which he complains, an inmate must submit his written grievance to the prison legal claims adjudicator, who screens the grievance and determines whether to accept it into the ARP process.  If accepted, the grievance is forwarded to the appropriate official who issues a First Step Response to the inmate's complaint.  If the inmate is dissatisfied with the response, he may continue to the second step by completing the appropriate ARP form and sending it to the legal claims adjudicator.  The Superintendent or Warden issues the Second Step Response, which is the final ruling at the prison.  If the inmate is dissatisfied with the Second Step Response, he may file suit in federal court.  *Id*.; *see also, MDOC Inmate Handbook*, Chapter VIII, Administrative Remedy Program.

Merely initiating the grievance process or putting prison officials on notice of a complaint is insufficient to meet the exhaustion requirement – the grievance process must be carried

---

[2]Miss. Code Ann. 47-5-801.

through to its conclusion before suit can be filed under the Prison Litigation Reform Act. *Tompkins v.* Holman, 2013 WL 1305580, *2 (S.D. Miss. March 26, 2013); *Wright v. Hollingsworth*, 260 F.3d 357, 358 (5th Cir. 2001). According to his own pleadings, Loftin never filed a grievance at all regarding the claims made in his complaint. Instead, he consciously chose to bypass the prison grievance process, thereby failing to exhaust administrative remedies.

## RECOMMENDATION

Based on the foregoing, the undersigned recommends that Dr. Woodall's motion to dismiss be granted. Because Plaintiff's failure to exhaust requires dismissal of all his claims, the undersigned recommends that the case be dismissed in its entirety as to all Defendants.

## NOTICE OF RIGHT TO APPEAL/OBJECT

After being served a copy of a Report and Recommendation, a party has 14 days to serve on the other parties, submit to the assigned District Judge, and file with the clerk of court his written objections to the Report and Recommendation. The objecting party must specifically identify the findings, conclusions, and recommendations to which he objects. The District Court need not consider frivolous, conclusive, or general objections. An opposing party has seven days after being served with objections, to serve and file a response or to notify the District Judge he does not intend to respond to the objections. Except on grounds of plain error, a party cannot attack on appeal any proposed factual finding or legal conclusion accepted by the District Court to which he did not timely file objections. *Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

Signed, this the 17th day of March, 2017.

/s/ *Robert H. Walker*
ROBERT H. WALKER
UNITED STATES MAGISTRATE JUDGE